Miller et ux., Appellants, v. Red Lion
Cemetery Association.

Argued May 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*James Graham Glessner,* for appellant.

*George Hay Kain,* with him *George Hay Kain, Jr.,* and *Samuel S. Laucks,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 30, 1934:

There is some difficulty in determining the basis on which appellants, the plaintiffs, claimed to recover in the court below. The action was by Jacob Miller and his wife for the purchase price of cemetery lots. It was shown that the contract was partly written and partly oral, but, at best, the basis of the obligation was the purchase by the Red Lion Cemetery Association of "the unsold lots in Fairmount Cemetery." Miller and his wife claim that this included the lots not only owned by Bertha Miller but the lots of Jacob Miller.

Fairmount Cemetery had been laid out sometime prior to 1916. It was enlarged from time to time and was conveyed by the owner to her daughter, Bertha Meyer Miller, one of appellants. Later on, the executors of her mother sold several tracts of land to Jacob Miller, the other defendant, husband of Bertha. One of these tracts is known as No. 2, containing 2 acres,

and it is the lots in this tract that are in dispute. Jacob Miller contended that "the unsold lots in Fairmount Cemetery" included not only the land owned by his wife, which was in actual use as a cemetery, but piece No. 2, adjoining, which was not in actual use as a cemetery and was located in a place where burials were prohibited, it being within the borough limits of Red Lion. Appellee contended that in purchasing the lots in Fairmount Cemetery, it purchased only those lots that were commonly known to be in Fairmount Cemetery. There was nothing on the ground to indicate that Fairmount Cemetery extended into the Borough of Red Lion and comprised a number of lots in which burial could not be made. Jacob Miller knew that burial could not take place in the Borough of Red Lion.

The phrasing of the so-called agreement was, to say the least, ambiguous, as appellee always understood that the unsold lots included only those lots outside of the borough. Appellee was entitled to give its understanding of the term, "unsold lots in Fairmount Cemetery."

The case is somewhat analogous to Raffles v. Wichelhaus, 2 Hurlstone & Coltman 906. There the plaintiff declared on a contract for the purchase by the defendant of cotton to arrive "ex Peerless" from Bombay. The defendant's plea set up that the ship mentioned in the agreement was meant and intended by the defendant to be the ship "Peerless" which sailed from Bombay in October, and that the ship "Peerless" on which the cotton was brought in by plaintiff was another ship of the same name which sailed from Bombay in December. It was there held that there was no contract  So, in this case, as there was nothing in the agreement or no marks on the ground to show the limits of Fairmount Cemetery, or what lots were intended, the words "unsold lots in Fairmount Cemetery" were ambiguous. The purchaser applying to the words used by appellant the meaning normally intended, that is, the unsold lots

which were then known to be within Fairmount Cemetery, the place that had been used for burial purposes, that meaning was different from that of the vendors who had another and different understanding, plainly unapparent to the vendee. It is very evident that the minds of the parties never met in a completed contract, and there could have been no recovery even if this agreement had all been in writing. Appellee had no reason to believe that Fairmount Cemetery included the tract purchased by Jacob Miller located in the borough, in which burials could not take place. See Williston on Contracts, section 95; Wolf v. Christman, 202 Pa. 475; Hovey v. Howard, 177 Pa. 323; Babcock v. Day, 104 Pa. 4; Mays v. Dwight, 82 Pa. 462. As the negotiations were partly in parol and partly in writing, the question of the statute of frauds becomes important, but, as the court below submitted the case to the jury solely on the question as to whether or not a contract existed, and whether appellee owed the appellants the amount sued on, and the jury having decided against the vendors, appellants, we need not discuss that question; nor is it necessary to discuss the assignment of error relating to the cross-examination of Jacob Miller concerning the sale of lots south of the borough line. He said that he did not make any such sale. It was important to know this fact, and the court below did not commit error in permitting the cross-examination.

Judgment affirmed.